IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ROBERT KELLEY, | ) | |
| | ) | Civil No. 01-6007-ST |
|     Petitioner, | ) | |
| | ) | |
|   v. | ) | |
| | ) | |
| JOAN PALMATEER, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
|     Respondent. | ) | |

    Mark Bennett Weintraub
    Assistant Federal Public Defender
    151 W. Seventh Ave., Suite 510
    Eugene, Oregon 97401

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Douglas Y.S. Park
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

STEWART, Magistrate Judge.

In an Opinion and Order (docket #53) dated March 14, 2003, the court determined that petitioner could potentially overcome procedural obstacles to his Petition and prevail on an ineffective assistance of counsel claim if he could prove that he was actually innocent of Aggravated Felony Murder.

Currently before the court is respondent's Motion for Reconsideration (docket #95) which asks the court to revisit its Opinion and Order in light of the subsequent decision by the Ninth Circuit in <u>Sophanthavong v. Palmateer</u>, 378 F.3d 859 (9th Cir. 2004). For the reasons which follow, the Motion for Reconsideration is granted, the Amended Petition for Writ of Habeas Corpus (docket #37) should be denied, and judgment should be entered dismissing this case with prejudice.

### BACKGROUND

### I. Factual Background

On February 27, 1994, petitioner and Jerome Sloan called a taxicab intending to rob the driver. After the taxi had taken them to their destination, either petitioner or Sloan shot the driver, Roger Penn, in the back of the head. Penn died instantly, and was robbed of $7.00.

Petitioner was arrested shortly after the murder and confessed to police. In recounting the details of the crime, petitioner implicated Sloan as the shooter. According to petitioner's

statement, he and Sloan were sitting in a parking lot drinking beer. Petitioner's Exhibit E, p. 5. The two men decided to cross the street to a phone booth and call a taxi, intending to rob the driver who ultimately picked them up. Id at 5-7.

Petitioner claimed that Sloan was supposed to sit in the back of the cab and scare the driver with the gun while petitioner took the money. Id at 7. He claimed there was no discussion relating to killing the driver. Id. After the taxi picked them up, petitioner selected the location where he wanted the driver to pull over. Id at 9. As soon as the taxi came to a stop, Sloan allegedly shot Penn without saying a word. Id at 10.

In March of 1994, petitioner and Sloan were charged in a 20-count indictment with a number of crimes. In light of his participation in the events leading to Penn's murder, petitioner was charged with "Aggravated Felony Murder" on the theory that Penn was killed in order to conceal both petitioner's and Sloan's identities as the perpetrators of the First Degree Robbery. Respondent's Exhibit 102, p. 4. Seeking to avoid a capital trial, petitioner entered a plea of no contest to the Aggravated Murder charge. Respondent's Exhibit 104, pp. 16, 23. As a result, on July 19, 1994, petitioner was sentenced to life imprisonment without the possibility of parole. Id at 31.

///

///

## II. <u>**Habeas Proceedings to Date**</u>

It is uncontested that plaintiff's Amended Petition suffers from two procedural defects. Memorandum in Support (docket #22), pp. 17, 21. First, he failed to file the this case within the Anti-Terrorism and Effective Death Penalty Act's statute of limitations. <u>See</u> 28 U.S.C. 2244(d)(1) (imposing one-year statute of limitations on § 2254 habeas cases). Second, he did not fairly present his claims of constitutional error to Oregon's state courts before bringing them to federal court. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 519 (1982) (requiring habeas litigants to present the merits of their claims to the highest court in the state). He therefore attempts to overcome these procedural deficiencies by proving that he is actually innocent of Aggravated Murder because he did not personally shoot the victim in this case. <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995) (allowing petitioners to overcome procedural default if it is more likely than not that no reasonable juror would have convicted them).

In its March 14, 2003 Opinion and Order, the court concluded that a person could not be convicted of Aggravated Murder in Oregon unless he personally killed the victim, or directed his co-defendant to kill the victim in order to conceal the commission of the crime. It therefore decided that petitioner's indictment was insufficient to support a conviction for Aggravated Felony Murder because he was not charged with actually killing Penn, directing

4 - FINDINGS AND RECOMMENDATION

Sloan to commit the killing, or agreeing with Sloan that Penn should be murdered in order to conceal the commission of a robbery.[1]

The court ordered the parties to submit available evidence pertaining to petitioner's involvement in the actual shooting, noting that petitioner could only prove his innocence if he could show that it was Sloan who actually fired the shot which killed Penn. Before any evidence was submitted by the parties, on April 12, 2004, the Ninth Circuit issued its opinion in Sophanthavong, which it amended on August 3, 2004. Based on the Ninth Circuit's analysis of Oregon's Aggravated Felony Murder statute at issue in this case, respondent moves for reconsideration of the court's March 14, 2003 Opinion and Order.

## **DISCUSSION**

A criminal defendant in Oregon is guilty of Felony Murder if one of his accomplices causes the death of a non-participant, and the murder is committed in furtherance of Robbery in the First Degree, or during the immediate flight therefrom.

---

[1] The Aggravated Felony Murder charge read as follows:

> The said defendant, Robert Kelly, on or about February 27, 1994, in the County of Multnomah, State of Oregon, did unlawfully and intentionally, commit the crime of Robbery in the first degree and in the course of and in furtherance of said crime which the defendant was committing the said defendant Jerome Sloan personally and intentionally did cause the death of another human being, to-wit: ROGER PENN, to conceal the identity of the perpetrators Kelly and Sloan, by shooting him in the head with a firearm, contrary to the peace and dignity of the State of Oregon.

Respondent's Exhibit 102, p. 4.

5 - FINDINGS AND RECOMMENDATION

ORS 163.115(1)(b). Aggravated Murder is defined in relevant part as follows:

> (d) Notwithstanding ORS 163.115(1)(b), the defendant personally and intentionally committed the homicide under the circumstances set forth in ORS 163.115(1)(b).
>
> (e) The murder was committed in an effort to conceal the commission of a crime, or to conceal the identity of the perpetrator of a crime.

ORS 163.095(2).

In Sophanthavong, the Ninth Circuit addressed whether a criminal defendant could be convicted of Aggravated Murder under ORS 163.095(2)(e) if he did not personally commit the homicide. Sophanthavong was involved in a burglary and robbery during which the victim was killed. He pleaded guilty to Aggravated Murder, but later claimed that he could not have been convicted of the crime because his accomplice actually shot the victim. He therefore raised an ineffective assistance of trial counsel claim in a habeas corpus proceeding alleging that counsel misadvised, leading him to enter a guilty plea to a crime which he did not commit. Sophanthavong, 38 F.3d at 869.

A majority of the Sophanthavong court held that Sophanthavong did not receive ineffective assistance of counsel with regard to the charge of aggravated murder. In reaching that conclusion, the majority first expressed disagreement with the dissent about the proper interpretation of ORS 163.095(2)(e). In his dissent, Judge Ferguson considered Oregon's statutes, common law, and Uniform

6 - FINDINGS AND RECOMMENDATION

Criminal Jury Instructions and concluded that a criminal defendant in Oregon could not be convicted of Aggravated Murder under ORS 163.095(2)(e) if he did not personally kill the victim. Accordingly, he would have ruled in Sophanthavong's favor because "[n]o competent lawyer could reasonably have concluded that [Sophanthavong] would have risked an aggravated murder conviction by going to trial." Id at 873-74.

In a footnote, the majority took issue with Judge Ferguson, finding that his reliance on two Oregon cases was misplaced and that "whether Mr. Sophanthavong would have faced a possible conviction for murder pursuant to ORS 163.095(2)(e) had not been resolved by any appellate court in Oregon when he entered his plea." Id at 870, n.2. Although resolution of the ineffective assistance of counsel claim did not require additional analysis, the majority delved into the issue further:

> When read in conjunction with Or.Rev.Stat. § 163.115(1)(a)(b), Or.Rev.Stat. § 163.085[2](e) requires that the prosecution allege and prove that the defendant acting alone, or with one or more persons, is guilty of felony murder, and that the victim was killed by the defendant, or another participant, if any, with the intention of concealing the identity of the perpetrator of the felony.
> Assuming arguendo that [trial counsel's] advice to his client regarding the elements necessary to prove a violation of Or.Rev.Stat. § 163.095[2](e) will, someday, prove to be inaccurate based on a future Oregon appellate court's construction of Or.Rev.Stat. § 163.095[2](e), Mr. Sophanthavong has failed to demonstrate that his trial counsel's reading of that statute was a gross mischaracterization of *existing* Oregon case law.

Id at 870 n. 2 (emphasis in original).

Despite the majority's belief that Oregon had not resolved whether a criminal defendant could be guilty of Aggravated Murder under ORS 163.095(2)(e) when the defendant did not personally kill the victim, it repeated in the body of its opinion that:

> [C]ombining Section 163.115(1)(b)'s definition of "murder" with Subsection (2)(e), an individual can be convicted of aggravated murder when he or she participated in a burglary or robbery that resulted in a criminal homicide that was committed in an effort to conceal the commission of a crime, even though the accused did not commit the homicide.

Id at 870.

Were this court writing on a blank slate, for the reasons identified in its March 14, 2003 Opinion and Order, it would be persuaded by Judge Ferguson's interpretation of ORS 163.095(2)(e). The court also notes that although the majority in Sophanthavong answered what it perceived to be an open question in Oregon, the state courts are intended to be the ultimate expositors of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Mendez v. Small, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on the interpretation of state law.") (citing McSherry v. Block, 880 F.2d 1049, 1052 (9th Cir. 1989)); Bains v. Cambra, 204 F.3d 964, 972 (9th Cir. 2000) ("a federal court is bound by the state court's interpretations of state law.")

(citing Wainwright v. Goode, 464 U.S. 78, 84 (1983)); Peltier v. Wright, 15 F.3d 860, 862 (9th Cir. 1994) (state courts are the ultimate expositors of state law).

Nevertheless, a majority of the Sophanthavong court expressly rejected Judge Ferguson's interpretation of Oregon law and stated twice to the contrary that a criminal defendant may be convicted of the capital offense of Aggravated Murder even though he does not personally kill the victim. Had the Ninth Circuit simply acknowledged that ORS 163.095(2)(e) was subject to two reasonable interpretations, one of which was Judge Ferguson's interpretation, then this court would deem the issue to be an open question and feel free to interpret that statute in the same way as Judge Ferguson. However, given the majority's explicit rejection of Judge Ferguson's interpretation, this court is bound by the majority decision.

As was Sophanthavong, petitioner in this case was charged with Aggravated Murder under ORS 163.095(2)(e) on the theory that the murder was committed to conceal the identities of the perpetrators. Based on the interpretation of ORS 163.095(2)(e) by the majority decision in Sophanthavong and petitioner's admitted participation in the robbery of Penn, petitioner cannot prove that no reasonable juror would have voted to convict him of Aggravated Murder. Accordingly, he cannot pass through the gateway of actual innocence to excuse his Amended Petition's procedural deficiencies. The

court therefore reconsiders its March 14, 2003 Opinion and Order and recommends that the Amended Petition be denied on the basis that it is untimely.

Because it is clear from the <u>Sophanthavong</u> decision, alone, that petitioner cannot overcome his Amended Petition's procedural deficiencies, the court need not address the contents of the sealed documents filed by the parties.

## **RECOMMENDATION**

Respondent's Motion for Reconsideration (docket #95) is GRANTED. For the reasons set forth above, the Amended Petition for Writ of Habeas Corpus (docket #37) should be DENIED, and judgment should be entered DISMISSING this case, with prejudice.

## **SCHEDULING ORDER**

Objections to these Findings and Recommendation, if any, are due December 9, 2005. If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date. If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

DATED this 17th day of November, 2005.

s/ Janice M. Stewart<br>
Janice M. Stewart<br>
United States Magistrate Judge