UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT A. KELLEY,
        Petitioner,

v.

JOAN PALMATEER,
        Respondent.

Civil No. 01-6007-ST

O R D E R

HAGGERTY, Chief Judge:

On November 17, 2005, Magistrate Judge Stewart issued a Findings and Recommendation [104] granting Respondent's Motion for Reconsideration [95] and recommending that the Amended Petition for Writ of Habeas Corpus [37] should be DENIED, and judgment should be entered dismissing this action with prejudice.

Objections to the Findings and Recommendation were filed by petitioner [109]. The matter was referred to this court for review.

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28

U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Petitioner filed objections in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the Record of the case. The objections are sustained in part and denied in part, and the Findings and Recommendation is adopted in part.

ANALYSIS

The Magistrate Judge reviewed this case thoroughly in the Findings and Recommendation and the relevant facts and legal reasoning need be recited only briefly and clarified in one respect. On February 27, 1994, petitioner and Jerome Sloan requested a taxicab after planning to rob the driver. Petitioner and Sloan entered the cab and after the taxi had taken them to their requested destination, either petitioner or Sloan shot the driver, Roger Penn, in the back of the head and killed him. The two then committed robbery. Petitioner was charged with "Aggravated Felony Murder" on the theory that Penn was killed in order to conceal both petitioner's and Sloan's identities as perpetrators who committed First Degree Robbery. Respondent's Exhibit 102, p. 4. Petitioner entered a plea of no contest to the Aggravated Murder charge. Respondent's Exhibit 104, pp. 16, 23. Petitioner was sentenced to life imprisonment without the possibility of parole.

Petitioner subsequently brought this habeas corpus action pursuant to 28 U.S.C. § 2254, challenging the validity of his Aggravated Felony Murder conviction on grounds that he entered an
unconstitutional no-contest plea and was deprived of the effective assistance of counsel. Although petitioner concedes that he failed to comply with all procedural requirements necessary for filing this action, petitioner maintains that he should be permitted to overcome those procedural barriers

by demonstrating that he is actually innocent of Aggravated Felony Murder. By Opinion and Order issued March 14, 2003 [53], the Magistrate Judge provided the parties "a final opportunity to supplement the record with proof of petitioner's guilt or innocence." *See* Opinion and Order of March 14, 2003, at 2.

Respondent filed a Motion for Reconsideration of this decision. Respondent asserted that the Ninth Circuit's decision in *Sophanthavong v. Palmateer*, 378 F.3d 859 (9th Cir. 2004) now compels the conclusion that petitioner is unable to establish his actual innocence of the crime of Aggravated Felony Murder. The Magistrate Judge granted respondent's Motion for Reconsideration and recommended that the Amended Petition for Writ of Habeas Corpus should be denied and that Judgment should be entered dismissing this action with prejudice. *See* Findings and Recommendation [104] at 10.

Petitioner objects to this Findings and Recommendation on grounds that the Magistrate Judge erred by (1) referring to the underlying guilty plea in *Sophanthavong* as being a plea to Aggravated Murder; and (2) characterizing the court as being "bound" by what amounts to dicta in the *Sophanthavong* decision. These objections are addressed in turn.

Respondent acknowledges that the Findings and Recommendation contains a typographical error that misstates the underlying crime to which a guilty plea was entered in the *Sophanthavong* decision. Accordingly, petitioner's objection is sustained insofar as the Findings and Recommendation should have referred to the underlying guilty plea in the *Sophanthavong* decision as being entered pursuant to "an agreement with the District Attorney's Office of Multnomah County, Oregon to plead guilty to felony murder on the condition that the sentence would be 180 months." *Sophanthavong*, 378 F.3d 859 at 863.

However, petitioner's objections are overruled to the extent that petitioner asserts that absent this error, the Magistrate Judge would have refrained from granting respondent's Motion to Reconsider and from recommending dismissal of the Amended Petition. Notwithstanding the error in identifying the underlying guilty plea in *Sophanthavong*, the Findings and Recommendation relied upon an "interpretation of ORS 163.095(2)(e) [offered] by the majority. . . in *Sophanthavong* and petitioner's admitted participation in the robbery of Penn" to reach the conclusion that "petitioner cannot prove that no reasonable juror would have voted to convict him of Aggravated Murder." Findings and Recommendation at 9.

That conclusion is sound regardless of petitioner's assertion that the court further erred in portraying itself as bound by the majority decision in *Sophanthavong*. Although the Findings and Recommendation described being "bound by the majority decision" in *Sophanthavong*, Findings and Recommendation at 9, a fair reading establishes that the Findings and Recommendation readily acknowledged that "the state courts are intended to be the ultimate expositors of state law;" "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions;" "[a] state court has the last word on the interpretation of state law;" and "a federal court is bound by the state court's interpretations of state law." Findings and Recommendation at 8 (citations and internal quotations omitted).

The Findings and Recommendation then acknowledged that after addressing "an open question in Oregon," the majority of the learned jurists deciding *Sophanthavong* reasoned that a criminal defendant may be convicted of the capital offense of Aggravated Murder in Oregon even though the victim is killed by another. Findings and Recommendation at 8-9. It is this reasoning that led directly to the Findings and Recommendation's conclusion, as quoted above, that:

> [b]ased on the interpretation of ORS 163.095(2)(e) by the majority
> decision in *Sophanthavong* and petitioner's admitted participation in
> the robbery of Penn, petitioner cannot prove that no reasonable juror
> would have voted to convict him of Aggravated Murder.
> Accordingly, he cannot pass through the gateway of actual
> innocence to excuse his Amended Petition's procedural deficiencies.

Findings and Recommendation at 9.

The Findings and Recommendation is adopted in part to the extent that, as suggested by the helpful interpretation of relevant state law offered by the Ninth Circuit, petitioner is unable to meet the demanding standard required by the Supreme Court before a petitioner who is otherwise procedurally barred may pass through the "actual innocence gateway" and argue the merits of underlying claims. *See Schlup v. Delo*, 513 U.S. 298 (1995).

A petitioner's failure to meet deadlines and requirements for filing a timely petition in federal court may be overridden only if the petitioner's claim of actual innocence "is sufficient to bring [petitioner] within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Carriger v. Stewart*, 132 F.3d 463, 477 (9th Cir. 1997) (*en banc*) (quoting *Schlup*, 513 U.S. at 315). "[T]o pass through *Schlup*'s gateway, and have an otherwise barred constitutional claim heard on the merits, a petitioner must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Majoy v. Roe*, 296 F.3d 770, 775-76 (9th Cir. 2002) (quoting *Schlup*, 513 U.S. at 327).

The Findings and Recommendation concluded correctly that – particularly given the insights offered by the majority in *Sophanthavong* – petitioner cannot show that it is more likely than not that no reasonable juror would have found petitioner guilty of Aggravated Murder. Accordingly, petitioner is unable to overcome his Amended Petition's procedural deficiencies.

CONCLUSION

For the reasons provided above, petitioner's objections [109] are SUSTAINED IN PART AND OVERRULED IN PART as follows: petitioner's objection is sustained insofar as the Findings and Recommendation should have referred to the underlying guilty plea in the *Sophanthavong* decision as being entered pursuant to "an agreement with the District Attorney's Office of Multnomah County, Oregon to plead guilty to felony murder on the condition that the sentence would be 180 months." *Sophanthavong*, 378 F.3d 859 at 863. Petitioner's remaining objections are overruled. Accordingly, the Magistrate Judge's Findings and Recommendation [104] is ADOPTED IN PART as follows: Respondent's Motion for Reconsideration [95] is GRANTED; the Amended Petition for Writ of Habeas Corpus [37] is DENIED on grounds that petitioner cannot show that it is more likely than not that no reasonable juror would have found petitioner guilty of Aggravated Murder; petitioner is therefore unable to overcome the previously acknowledged procedural deficiencies of his petition. Judgment shall be entered DISMISSING this case with prejudice.

IT IS SO ORDERED.

Dated this __26__ day of January, 2006.

                                              /s/Ancer L.Haggerty
                                                   Ancer L. Haggerty
                                             United States District Judge